UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROSEANN MORRISON, D.P.M.

    Plaintiff,

    v.

KATHLEEN SEBELIUS,

    Defendant.

Case No. 2:11-cv-1002
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss or Alternatively to Remand this action. (ECF No. 5.) For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion and **REMANDS** this action to the Secretary of the United States Department of Health and Human Services for a decision on the merits.

I.

Plaintiff, Roseann Morrison, D.P.M., is a podiatrist with her practice in Columbus, Ohio. She routinely treats patients whose medical care is reimbursed in whole or in part by Medicare. AdvanceMed Corporation, a Medicare Program Safeguard Contractor, reviewed claims submitted by Plaintiff for payment for debridement of nails, skin, and subcutaneous tissue. Compl. ¶ 11; Administrative Record ("AR") at 202. Based on that review, Palmetto GBA, Plaintiff's Medicare contractor, reopened its determinations paying the claims and issued an overpayment notice. AR at 202.

Plaintiff filed a request for redetermination of the overpayment. Compl. ¶ 13; AR at 202. On May 26, 2010, Palmetto issued a partially favorable decision decreasing the overpayment amount to $104,784. Compl. ¶ 13; Compl. Ex. 2 at 2; AR at 202. Plaintiff then sought

reconsideration by a Qualified Independent Contractor. On August 16, 2010, the Qualified Independent Contractor affirmed the overpayment. AR at 202-211.

Plaintiff requested an Administrative Law Judge ("ALJ") hearing. Compl. ¶ 14. After one requested rescheduling, the hearing was scheduled to be held by telephone on April 6, 2011 at 3:00 p.m. Compl. ¶¶ 15, 16; AR at 118. The Amended Notice of Hearing stated that, "If you fail to participate in your scheduled hearing without the ALJ finding good cause, the ALJ may dismiss your appeal." AR at 119.

On March 17, 2011, Plaintiff requested another continuance. AR at 100-03. Plaintiff's counsel stated that he needed time to review the records provided by the ALJ's office, and he had another hearing scheduled for April 6 and 7, 2011, that could not be rescheduled. AR at 102. On March 22, 2011, the ALJ denied the motion for a continuance. AR at 94.

On April 6, 2011, the ALJ called Plaintiff's counsel at around 3:00 p.m. at the number he provided for hearing. AR at 89. The ALJ received a voice mail recording and left a message for counsel to call. At 3:15 p.m. the ALJ had not received a call back from Plaintiff, causing her to cancel the hearing. The following day, the ALJ issued a Notice to Show Good Cause why Plaintiff's appeal should not be dismissed for failure to appear. Compl. ¶ 20; AR at 89.

On April 14, 2011, Plaintiff responded to the show cause order. Compl. Ex. 1. According to Plaintiff, on April 6, 2011, his counsel, Douglas Graff and Levi Tkach, were representing another client before a Hearing Examiner for the Ohio State Medical Board. That hearing ended at 1:45 p.m. Counsel averred that they were back in their office conference room by 2:00 p.m. Plaintiff arrived in their office around 2:40 p.m. Counsel further stated that at 2:55 p.m., Mr. Tkach noted that the ALJ might call Mr. Graff's office extension. Mr. Tkach arrived in

2

Mr. Graff's office at 2:58 p.m., at which time he noted that there were five unheard voicemail messages on Mr. Graff's phone. Mr. Tkach did not check the voicemail messages. At approximately 3:30 p.m., Mr. Graff and his office manager began calling the hearing office and were unable to reach the ALJ. The response included affidavits from Mr. Graff, Mr. Tkach, and the Hearing Examiner for the State Medical Board of Ohio.

On April 22, 2011, the ALJ dismissed the case. AR at 36-37. The ALJ found that Plaintiff had not offered good cause for failing to appear. AR at 37. The ALJ explained that although counsel stated they were ready and willing to participate in the hearing by 2:50 p.m.,

> they did not take the appropriate steps to insure that the Judge's call was received. Instead, the ALJ's call was transferred to two separate voice recordings without an actually [sic] person picking up the call. Unable to reach Mr. Graff, the ALJ left a message on Mr. Graff's personal voice recording at approximately 3:03 p.m. with specific instructions to call 216-615-4021. Attorney Douglas Graff explains his firm's "routine office practice" regarding the checking of "voice messages left on other's phones" on page 2 of his Memorandum in Support and further states "he was not anticipating having missed the phone call from the Hearing Unit." It is reasonable to assume that the ALJ's 3:00 p.m. call was expected by Graff and McGovern but it appears that the ALJ's voice message left at 3:03 p.m. was not checked by Graff and McGovern until sometime after 3:40 p.m. The ALJ acknowledges that two voice messages were left at 216-615-4021 (by Mr. Graff and a representative from his office) after 3:40 p.m., however, by that time, the ALJ had already canceled the hearing and instructed that a notice to show good cause for failure to appear be sent to Mr. Graff.

AR at 37. Plaintiff requested that the Appeals Council review the ALJ's dismissal. Compl. ¶ 24. On September 8, 2011, the Appeals Council denied the request for review. *Id.* Ex. 2

Plaintiff filed the present complaint seeking review of the dismissal of her appeal of the decision on the overpayment calculation. Plaintiff requests that the dismissal be vacated and the case remanded to the Secretary for further proceedings on the merits. Defendant has moved for dismissal for lack of subject matter jurisdiction, or alternatively for a remand to the Appeals

3

Council for a final decision on the merits. That motion is ripe for review.

## II.

"When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (internal citations and quotations omitted). In reviewing a motion to dismiss for lack of subject matter jurisdiction, a "court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Id.* (internal citations omitted). "However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true." *Id.* (internal citations omitted).

## III.

"The Medicare Act's grant of subject matter jurisdiction permits judicial review only of 'the final decision of [the Secretary] made after a hearing.'" *Giesse v. Sec'y of Health & Human Servs.*, 522 F.3d 697, 703 (6th Cir. 2008) (brackets in original) (quoting 42 U.S.C. §§ 405(g) and citing *Heckler v. Ringer*, 466 U.S. 602, 605 (1984); *Califano v. Sanders*, 430 U.S. 99, 108 (1977)); *see also* 42 U.S.C. §§ 405(h), 1395ff(b)(1). Defendant argues that this Court lacks jurisdiction to hear Plaintiff's case because the dismissal of a hearing request is not a final decision made after a hearing. This Court agrees.

The Sixth Circuit has held that the dismissal of a hearing request is not within the jurisdictional purview of 42 U.S.C. § 405(g). *Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 70 (6th Cir. 1993) (rejecting jurisdiction over an appeal from a denial of a hearing

4

request for untimely filing). Other circuit courts, as well as sister district courts, have specifically held that dismissal of a hearing request because a claimant failed to appear is not a final decision over which district courts have jurisdiction. *Kiiker v. Astrue*, 364 F. App'x 408, 409 (10th Cir. 2010) (citing *Brandyburg v. Sullivan*, 959 F.2d 555, 558-62 (5th Cir. 1992); *Doe v. Sec'y of Health & Human Servs.*, 744 F.2d 3, 4-5 (1st Cir. 1984)); *Strozier v. Comm'r of Soc. Sec.*, No. 4:10 cv 1351, 2011 WL 1584423 (N.D. Ohio April 4, 2011), report and recommendation adopted by 2011 WL 1585128 (N.D. Ohio April 26, 2011); *Irizarry v. Astrue*, No. 1:10-cv-0836, 2010 WL 5644703 (N.D. Ohio Nov. 29, 2010), report and recommendation adopted by 2011 WL 282447 (N.D. Ohio Jan. 26, 2011).

A constitutional challenge, however, is an exception to the rule that a district court is without jurisdiction to hear an appeal from a dismissal in the absence of a final decision. *See Califano*, 430 U.S. at 109 ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."); *Hilmes*, 983 F.2d at 70. When a constitutional claim is made, jurisdiction may attach outside the scope of § 405(g). *Harper v. Sec'y of Health & Human Servs.*, 978 F.2d 260, 262-63 (6th Cir. 1992) (citing *Sanders*, 430 U.S. at 107-09). But the claimant must make a colorable constitutional claim to establish subject matter jurisdiction. *Glazer v. Comm'r of Soc. Sec.*, 92 F. App'x 312, 314 (6th Cir. 2004) (citing *Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992)). Therefore, absent a colorable constitutional claim, this Court lacks jurisdiction over this action.

Plaintiff posits, *inter alia*, that she has presented a colorable constitutional procedural due process claim under the Fifth Amendment to the United States Constitution. *See* U.S. Const.

5

amend. V ("No person shall be . . . deprived of life, liberty, or property, without due process of law."). To sustain a procedural due process claim, a plaintiff must first demonstrate that she was deprived of a protected liberty or property interest. *Joelson v. United States*, 86 F.3d 1413, 1420 (6th Cir. 1996) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 (1972)); *see also Friedrich v. Sec'y of Health and Human Services*, 894 F.2d 829, 838 (6th Cir. 1990) ("The first step in deciding a procedural due process claim is to identify the interest to which the due process attaches."). "A procedural due process claim asserts that although the deprivation of a constitutionally protected interest in 'life, liberty, or property' may not itself have been unconstitutional, the procedure by which the deprivation was effected was unconstitutional." *Strozier*, 2011 WL 1584423, at *4 (citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)).

Defendant argues that Plaintiff cannot show that she has a constitutionally protected property interest in Medicare payment, and that even if she could, she cannot show that the hearing process used by the ALJ was constitutionally inadequate. Defendants' arguments are not well taken.

With regard to whether Plaintiff has a protected property interest, Defendant contends:

"The Supreme Court has defined those property interests entitled to constitutional protection as 'more than a unilateral expectation;' instead, a claimant must have a 'legitimate claim of entitlement' to property." *Friedrich v. Sec'y of HHS*, 894 F.2d 829, 838 (6th Cir. 1990) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). In *Friedrich*, the Sixth Circuit held that, "the only legitimate claim of entitlement under Medicare is to have those services that are reasonable and necessary." *Id.* (citing 42 U.S.C. § 1395y(a)(1)). In this case, Plaintiff's claims were denied in part as not reasonable and necessary. AR at 204-06. In addition, Plaintiff in this case is a physician, not a patient. Unlike a patient such as the one in *Friedrich* who may have a protected property right under certain circumstances, physicians are not the intended beneficiaries of the Medicare Program and do not possess a protected property interest in payment. *Koerpel v. Heckler*, 797 F.2d 858, 864 (10th Cir. 1986); *Erickson v. United States*, 67 F.3d 858, 862 (9th Cir. 1995).

6

(Def. Mot. at 15–16.)

The property right at issue here is distinguishable from those in the cases above. That is, here, Plaintiff's asserts her right to be paid for services rendered. The cases upon which Defendant relies are for entitlement to a benefit. *See e.g., Koerpel*, 797 F.3d 858 (because it was determined that the physician provided sub-standard care, he was prohibited from the benefit of providing services through Medicare for ten years); *Erickson*, 67 F.3d 858 (physician excluded for fifteen years from participating in Medicare, Medicaid, and certain specified federally funded state health care programs because of his conviction of knowingly and willingly filing false, fictitious, or fraudulent claims for Medicare payments); *Friedrich*, 894 F.2d 829 (whether the "widely discredited" treatment referred to as chelation therapy should be covered by Medicare). In those cases, the claimant simply had a unilateral hope of participation in a benefit program or of coverage of a particular procedure. In the instant action, however, Plaintiff does not merely have a unilateral hope of benefit entitlement. Instead, she seeks payment for services she actually rendered. Thus, the Court finds that Plaintiff does possess a protected property interest for which due process is required.

"An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). "[W]hen deciding on the necessary process, this Court must balance" Plaintiff's "private interest[s]" in payment of services rendered through review of a determination that she was overpaid by over $100,000 with Defendant's interest in not

7

rescheduling her conference. *See Leary v. Daeschner*, 228 F.3d 729, 742–43 (6th Cir. 2000) (citing *Loudermill*, 470 U.S. at 542–43). Plaintiff argues that "she was never properly provided an opportunity to appear" and asserts that "[b]y calling early and not attempting subsequent phone calls, the ALJ's own action (and/or inaction) prevented [her] from appearing at her Hearing." Compl. ¶ 44. Further, Plaintiff contends that her interest outweighs Defendant's. This Court agrees.

Plaintiff responded to the ALJ's show cause order, explaining that she did not participate in the telephone conference through no fault of her own, and instead, was prevented from participating by the ALJ's action. The ALJ does not dispute that the call may have been a few minutes early, but that the message was left after the scheduled time. Plaintiff, however, possesses a right to be heard and to be provided with accurate notice. Moreover, Plaintiff's interest in having her claim reviewed on the merits outweighs Defendant's burden of rescheduling the ALJ hearing.

Accordingly, the Court finds that Plaintiff has raised a colorable constitutional claim that the ALJ's rejection of her good cause showing deprived her of her right to due process. Therefore, Plaintiff has met her burden of proving subject matter jurisdiction under the constitutional claim exception. *See Neale v. Astrue*, No. 2:06-0070, 2008 U.S. Dist. LEXIS 68969, at *10 (M.D. Tenn. Sept. 8, 2008) ("the Commissioner's rejection of Plaintiff's good cause showing deprived him of his right to due process, and therefore Plaintiff has met his burden of proving subject matter jurisdiction under the constitutional claim exception" ).

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART**

Defendant's Motion to Dismiss. (Doc. No. 5.) Specifically, the Court **DENIES** Defendant's request to dismiss this action and **GRANTS** its request to remand this case. The Clerk is **DIRECTED** to **REMAND** this action to the Secretary of the United States Department of Health and Human Services for a decision on the merits regarding whether the Secretary's overpayment calculation was correct. *See* 42 U.S.C. § 405(g); 42 C.F.R. § 405.1138.

**IT IS SO ORDERED.**

6-27-2013
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**